IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
ANGELA BROWN, individually, as \*
mother and next friend of \*
R.B., a minor, and as subrogor \*
\*  CASE NO: _____
Plaintiff, \*
\*
v. \* COMPLAINT
\*
DANIEL MUNDELL, PAUL MUNDELL,\*
CINDY MUNDELL, \*
ASPLUNDH TREE EXPERT CO., and \*
INDEPENDENCE ADMINISTRATORS, \*
as subrogees \* JURY TRIAL
\* DEMANDED
Defendants \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PARTIES AND JURISDICTION

1. Plaintiff Angela Brown is a resident of the Village of Gilman, Town of Lunenburg, County of Essex, and State of Vermont, with a mailing address of: P.O. Box 241, Gilman, VT 05904.

2. Plaintiff Angela Brown is the mother of Plaintiff R.B., a minor. The minor resides with Plaintiff.

3. Defendant Daniel Mundell is, upon information and belief, a resident of the Town of Northumberland, County of Coös, and State of New Hampshire, with a mailing address of: 541 Lancaster Road, Groveton, NH 03582.

1

4. Defendants Paul Mundell and Cindy Mundell are residents of the Town of Northumberland, County of Coös, and State of New Hampshire, with a mailing address of:  541 Lancaster Road, Groveton, NH  03582.

5. Defendants Paul Mundell and Cindy Mundell are the parents of Defendant Daniel Mundell.

6. Defendant Asplundh Tree Expert Co. is a Pennsylvania corporation that is registered to do business in this state, with a mailing address of:  708 Blair Mill Road, Willow Grove, PA  19090; and a registered agent for service of process in this state of:  CT Corporation System, 9 Capitol Street, Concord, NH  03301.

7. Defendant Independence Administrators is a foreign corporation that is not registered to do business in this state, with a mailing address of:  1900 Market Street, Philadelphia, PA 19103.

8. Upon information and belief, Defendant Independence Administrators does conduct substantial and continuous business in this state, and serves as a third-party administrator for health insurance / medical benefit claims on behalf of Defendant Asplundh.

9. Plaintiff alleges an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

10. This Court has jurisdiction over this action, pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between Plaintiff and Defendants.

## FACTUAL BACKGROUND

11. On or about July 26, 2015, Defendant Daniel Mundell was driving a 2003 Ford Expedition SUV in a generally southerly direction on Route 3, in Northumberland, New Hampshire.

12. At the same time and place, Plaintiff was driving a 2003 Ford Focus car in a generally northerly direction on the same Route 3.

13. Defendant Daniel Mundell attempted to cross the northbound lane of Route 3 in order to enter into the parking lot of a local strip mall / shopping center.

14. However, Plaintiff was driving her car in a northerly direction at the same time, in a safe and lawful manner, when Defendant Daniel Mundell failed to yield the right-of-way and entered Plaintiff's travel path, causing Defendant Daniel Mundell's SUV to strike Plaintiff and her car.

15. As a result of being struck by Defendant Daniel Mundell's SUV, Plaintiff and her minor son were seriously injured and therefore damaged by Defendant Daniel Mundell's conduct.

## COUNT I – NEGLIGENCE (against Daniel Mundell)

16. In a plea of the case, the preceding paragraphs are re-alleged and reincorporated herein.

17. It was the duty of Defendant Daniel Mundell to use due care in the operation of his vehicle, to yield the right-of-way to oncoming vehicles, to keep his vehicle on the right side of the highway, to avoid colliding with other drivers properly and lawfully using public highways, to keep his vehicle under control at all times, to maintain a careful lookout, to refrain from driving negligently, and to otherwise operate his vehicle in conformity with

the statutory and common law of the State of New Hampshire, so as not to endanger the lives and safety of others lawfully using the public highways, such as Plaintiff.

18. Yet, nevertheless, Defendant Daniel Mundell breached these duties to Plaintiff, in that he failed to use due care in the operation of his vehicle, failed to yield the right-of-way to other vehicles, failed to keep his vehicle on the right side of the roadway, failed to keep his vehicle under control at all times, failed to maintain a careful lookout, drove negligently, and otherwise operated his vehicle in violation of the law of this state, in that he failed to drive in a safe and lawful manner, when he failed to yield the right-of-way when executing a turn from the highway, across the opposite travel lane, and into a private parking lot, such that his vehicle struck Plaintiff.

19. As a direct and proximate result of the actions of Defendant Daniel Mundell, as described above, Plaintiff sustained severe, painful, and permanent injuries including, without limitation: five (5) fractures to her lower back (transverse process, L1 through L5); three (3) broken bones in her left knee/leg (including a left proximal comminuted displaced fibular fracture, and a left tibial plateau fracture); three broken bones in her left hip (including a nondisplaced left anterior column acetabular fracture), five broken bones in her pelvic area (including a left sacral fracture, and a mildly displaced left inferior pubic ramus fracture), four fractures to her ribs, small pelvic hematoma, large left knee joint effusion, along with multiple injuries to the corresponding muscles, tendons, and ligaments; left shoulder injuries; various lacerations, contusions, and abrasions; and other injuries, requiring her to incur hospital and other medical care and expenses, including multiple surgeries and extensive rehabilitation (past, present, and future), physical and mental pain and suffering (past, present, and future), temporary and permanent impairment,

loss of enjoyment of life (past, present, and future), diminished earning capacity, and other injuries and losses.

20. Further, as a direct and proximate result of the actions of Defendant Daniel Mundell, as described above, the Minor sustained severe, painful, and permanent injuries, including: various lacerations, contusions, and abrasions, including bruises on his waist, chest, and shoulder; burns to his forehead from the airbag; and more importantly psychological trauma from being involved in the collision, witnessing the horrific injuries to his mother, and being trapped in the vehicle (all requiring counseling); and other injuries, requiring Plaintiff to incur hospital and other medical care and expenses (past, present, and future), and causing the Minor to have physical and mental pain and suffering (past, present, and future), temporary and permanent impairment, loss of enjoyment of life (past, present, and future), diminished earning capacity, and other injuries and losses.

21. Said losses are all to the damage of Plaintiff, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

22. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant Daniel Mundell.

### COUNT II – NEGLIGENCE PER SE (against Daniel Mundell)

23. In a plea of the law, the preceding paragraphs are re-alleged and reincorporated herein.
24. It was the duty of Defendant Daniel Mundell to follow New Hampshire's "Rules of the Road" in the operation of his vehicle.
25. N.H. RSA 265:29 provides, in relevant part:

> The driver of a vehicle intending to turn to the left … into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is … so close thereto as to constitute an immediate hazard.

26. Through his actions, Defendant Daniel Mundell violated this statute.

27. Plaintiff was within the class of persons and class of risk for which this statute was intended to protect.

28. Further, it appears that Defendant Daniel Mundell also violated these additional Rules of the Road: N.H. RSA 265:24, I (staying within lane on roadways laned for traffic); N.H. RSA 265:44 (no left turn on roadway unless made with safety); and N.H. RSA 265:45, I (no left turn from roadway to private driveway unless made with safety).

29. Again, Plaintiff was within the class of persons and class of risk for which these statutes were intended.

30. As a direct and proximate result of the actions of Defendant Daniel Mundell, as described above, Plaintiff was injured, as described above.

31. Further, as a direct and proximate result of the actions of Defendant Daniel Mundell, as described above, the Minor was injured, as described above.

32. Said losses are all to the damage of Plaintiff, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

33. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant Daniel Mundell. Plaintiff also requests any and all procedural, substantive, and evidentiary rights, benefits, and claims by virtue of a finding of negligence per se against Defendant Daniel Mundell.

## **COUNT III – NEGLIGENT ENTRUSTMENT (against Paul and Cindy Mundell)**

34. In a plea of the case, the preceding paragraphs are re-alleged and reincorporated herein.

35. At the time of the motor vehicle collision described above, Defendant Daniel Mundell was seventeen (17) years old.

36. Upon information and belief, the SUV that he was driving was either owned by him personally; owned by his parents, Defendants Paul and Cindy Mundell; or owned by two of the three or all three.

37. Even if the SUV was owned by Defendant Daniel Mundell in his personal name, alone, upon information and belief, Defendants Paul and Cindy Mundell allowed and/or facilitated this method of ownership to their son, a young and inexperienced driver.

38. As the parents of a young and inexperienced driver, Defendants Paul and Cindy Mundell had a duty to avoid placing a dangerous instrumentality, to wit, a large SUV, in the possession of a young and inexperienced driver.

39. However, Defendants Paul and Cindy Mundell breached this duty, by allowing and/or facilitating the use of the SUV by their son, Defendant Daniel Mundell.

40. As a direct and proximate result of the actions of Defendants Paul and Cindy Mundell, as described above, Plaintiff was injured, as described above.

41. Said losses are all to the damage of Plaintiff, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

42. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendants Paul and Cindy Mundell.

### **COUNT IV – DECLARATORY JUDGMENT (against Asplundh and Independence)**

43. In a plea of the law, the preceding paragraphs are re-alleged and reincorporated herein.

44. At the time of the motor vehicle collision described above, Plaintiff and the minor had received medical benefits from Defendant Asplundh and/or Defendant Independence Administrators ("the Subrogees")

45. The Subrogees have claimed a right to reimbursement from the proceeds of any settlement or judgment with respect to Plaintiff's claims against the other Defendants in this action.

46. The subrogation claim arises from principles of equity, but also, upon information and belief, from specific subrogation language contained within the parties' contract (to be confirmed through discovery).

47. Subrogees claim that the insurance contract between the parties is an ERISA plan. Plaintiff neither admits nor denies this assertion, but calls upon Subrogees to prove this assertion.

48. In opposition to the subrogation claim, Plaintiff asserts her rights under N.H. RSA 507:7-j.

49. N.H. RSA 507:7-j provides, in its entirety, as follows:

    Whenever a subrogation claim pursuant to a contract of insurance is asserted for reimbursement of medical expenses as to a plaintiff's recovery against a third party, the court in which the action is pending shall order such division of expenses and costs of the action, including attorneys' fees, between the plaintiff and the insurance carrier and the medical provider, as justice may require.

50. By virtue of this statute, Plaintiff requests a judicial determination of the appropriate amount of the subrogation claim owed to Subrogees under the facts of this case.

51. Plaintiff makes this request because the damages that she has suffered greatly exceed the amount of available liability insurance coverage available for her claims in this matter.

52. Because of the limited amount of available third-party coverage (and the absence of underinsured motorist coverage), Plaintiff will never be "made whole".

53. Plaintiff would not be "made whole", even if Subrogees were determined to not have any subrogation claim at all.

54. Plaintiff requests that this Court hear and consider the facts of this claim and make a judicial determination of the appropriate amount of the subrogation claim owed to Subrogees, pursuant to N.H. RSA 507:7-j, and make such determination "as justice may require."

55. In the event that the preceding statutory claim is found inapplicable for any reason whatsoever, including on any possible appeal, Plaintiff hereby also requests that this Court apply common law principles of equity to make a judicial determination of the appropriate amount of the subrogation claim owed to Subrogees.

56. Plaintiff asserts that under New Hampshire common law, under the facts and circumstances of this case, Subrogees's subrogation claim would be valued at zero dollars ($0.00), because Plaintiff will never be "made whole".

57. Alternatively, because Plaintiff is a Vermont resident, Plaintiff asserts that under Vermont common law, under the facts and circumstances of this case, Subrogees's subrogation claim would be valued at zero dollars ($0.00), because Plaintiff will never be "made whole".

58. Further, because Plaintiff was a Medicare recipient, before the collision, she has certain legal responsibilities to ensure her ongoing Medicare coverage

59. Under the Affordable Care Act, in third-party liability situations, Medicare must be the "last payor", rather than the "first payor".

60. This shifted legal responsibility for covering Plaintiff's medical bills from Medicare to the liability carrier for the other Defendants in this action.

61. Under the Affordable Care Act, Plaintiff (as well as her counsel and the liability carrier for the other Defendants) have a responsibility to comply with the Medicare Secondary Payor Act provisions relative to payment for the future medical care of the Plaintiff which is determined to be "accident-related".

62. In essence, Plaintiff must "set aside" sufficient funds to make sure that her future, "accident-related" medical care is paid for from any funds received from this collision, or else she risks being disqualified from future payments on her behalf by Medicare for claims that are determined to be "accident-related".

63. In this situation, the current amount of Plaintiff's accident-related medical bills currently exceed $250,000.00. The estimated cost of her future medical care is unknown, because the Plaintiff is still receiving medical care that is related to this collision, and she is not at a medical endpoint.

64. Given the current claimed amount of the subrogation claim from the Subrogees, the limited liability insurance to be received from the insurance carrier for the other Defendants, Plaintiff's responsibility to fulfill her obligations under the Medicare Secondary Payer Act, the Plaintiff's claim is hopelessly "upside down".

65. Given all of the following, Plaintiff requests a judicial determination, under New Hampshire's Declaratory Judgment statute (N.H. RSA 491:22), as to the following:

    (a) Whether or not the claim of Subrogees is subject to ERISA;

    (b) Whether N.H. RSA 507:7-j applies, and if so, what the appropriate amount of her repayment responsibility is to the Subrogees;

    (c) Whether or not the "made whole doctrine", under either New Hampshire or Vermont law, precludes any subrogation claim, upon these facts;

    (d) Whether or not Plaintiff must comply with Medicare's "set aside" provisions for future medical care; and,

    (e) Whether or not Plaintiff is entitled to any funds, at all, for her pain and suffering in this matter.

66. Wherefore, Plaintiff requests a declaratory judgment from this Court, under N.H. RSA 491:22, on these claims and issues.

**WHEREFORE, THE PLAINTIFF RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT:**

    A. Grant her a trial by jury and an award of damages from Defendants Daniel Mundell, Paul Mundell, and Cindy Mundell;

    B. Grant her prejudgment interest and all taxable costs;

    C. Declare her rights and responsibilities with respect to the subrogation claim, if any, and with respect to her ongoing entitlement to Medicare, given her "set aside" obligations under the Secondary Payor provisions of the Affordable Care Act; and,

    D. Grant her such other and further relief as may be just and equitable.

DATED:  July 24, 2018

Angela Brown
By her attorneys
*Waystack Frizzell, Trial Lawyers*
/s/ Jonathan S. Frizzell
Jonathan S. Frizzell
N.H. Bar No. 12090
251 Main Street, P.O. Box 137
Colebrook, NH  03576
(603) 237-8322
jon@waystackfrizzell.com